UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PILCH individually and on behalf others similarly situated,<br><br>            Plaintiff,<br><br>-against-<br><br>RC NYC HOLDINGS LLC, RIEDER COMMUNITIES LLC, and LESLIE RIEDER<br><br>            Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff ROBERT PILCH ("Plaintiff" or "Mr. Pilch"), by and through his attorneys, SERRINS FISHER LLP, alleges against Defendants RC NYC HOLDINGS LLC ("RC"), RIEDER COMMUNITIES LLC ("Rieder Communities") (RC and Rieder Communities are collectively "the Company" or "the Corporate Defendants") and LESLIE RIEDER ("Mr. Rieder") (the Corporate Defendants and Mr. Rieder are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Defendant RC is a domestic limited liability company, organized and existing under the laws of the State of New York, and maintains its principal place of business at 45 Broadway, Suite 2640, New York, NY 10006.

4. Upon information and belief, Defendant Rieder Communities is a foreign limited liability company, organized and existing under the laws of the State of New Jersey, and maintains its principal place of business at 705 Royal Oaks Court, Monmouth Junction, NJ 08852.

5. Upon information and belief, at all times relevant hereto, each of the Corporate Defendants have been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

7. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

8. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9. Plaintiff is an individual who has been employed by Defendants within the last six (6) years.

10. Upon information and belief, the Corporate Defendants are equity companies engaged in buying and selling property.

11. Upon information and belief, Defendant Rieder owns the Corporate Defendants.

12. Defendant Rieder possesses and executes the authority to hire and fire employees, supervise employee work schedules, and set terms of compensation for employees.

13. Defendant Rieder hired Plaintiff, set his terms of compensation for employment, and supervised and set Plaintiff's work schedule.

14. Defendant Rieder creates and/or approves payroll and timekeeping policies for the Corporate Defendants.

15. Specifically, upon information and belief, Defendant Rieder created and/or approved the unlawful payroll policy of treating Plaintiff as exempt.

16. Defendant Rieder is engaged in business in New York, NY and is sued individually in his capacity as an officer, employee, and/or agent of the Corporate Defendants.

17. Defendant Rieder exercises sufficient operational control over the Corporate Defendants' operations to be considered Plaintiff's employer under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").

18. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

19. Plaintiff brings this action on behalf of (a) himself pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); and (b) himself and other similarly situated employees who have worked for the Defendants on or after the date that is six (6) years before the filing of the instant Complaint pursuant to New York Labor Law ("NYLL") § 650 *et seq.*, and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 137 *et seq.*, based upon the following acts and/or omissions, which Defendants committed:

3

      i. Defendants' failure to compensate Plaintiff for all hours he worked as required by state law and regulations;

      ii. Defendants' failure to provide Plaintiff with overtime pay of one and a half times his regular rate of pay as required by federal and state law and regulations;

      iii. Defendants' failure to provide Plaintiff and others similarly situated with a pay notice or proper paystubs as required by NYLL § 195; and

      iv. Defendants' failure to pay Plaintiff timely wages under NYLL § 191.

20. Defendants have knowingly and willfully engaged in a policy, pattern, or practice of violating the FLSA and NYLL, as detailed in this Complaint.

21. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## FACT ALLEGATIONS

**I.**    **Defendants' Wage and Hour Violations.**

22. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

23. Defendants have failed to pay Plaintiff for all hours he worked at his regular rate of pay and have also failed to pay him time-and-a-half for each overtime hour he worked.

24. Defendants also failed to provide Plaintiff and others similarly situated with a pay notice or proper paystubs as required by NYLL § 195.

4

25. Defendants also failed to pay Plaintiff on a weekly basis as required by NYLL § 191.

### *Plaintiff's Work Schedule and Pay.*

26. Plaintiff worked for Defendants from on or about January 8, 2014 until on or about July 22, 2014.

27. Defendants putatively hired Plaintiff as an executive driver; however, Plaintiff actually performed duties including, but not limited to, manual labor, handyman work, secretarial duties such as filing paperwork and drafting e-mails, and performing personal errands for Defendant Rieder.

28. Throughout his employment, Plaintiff typically worked five (5) days per week, although Plaintiff also periodically worked an extra day.

29. Plaintiff was scheduled to work Monday through Friday with varying hours each day for a total of forty (40) hours per week; however, Plaintiff frequently worked forty-four (44) or more hours per week.

30. For example, for the week of March 3, 2014, Plaintiff worked over forty-five (45) hours. For the week of March 10, 2014, Plaintiff worked over forty-eight (48) hours. For the week of March 17, 2014, Plaintiff worked forty-six (46) hours. For the week of March 31, 2014, Plaintiff worked 48.5 hours.

31. Defendants were aware of the hours Plaintiff worked as Defendant Rieder required Plaintiff to keep his own time records and submit them to Defendants' bookkeeper.

32. Nevertheless, Defendants failed to pay Plaintiff for all the hours he worked or at the proper rate of 150% of his regular rate for all overtime hours.

33. Defendants generally paid Plaintiff for no more than eighty (80) hours in a two-week period, even though he regularly worked no less than ninety (90) hours in each two-week period.

34. Defendants paid Plaintiff by check on a bi-weekly basis.

35. Defendants paid Plaintiff an hourly rate of between $20 and $25 an hour.

36. Defendants failed to provide Plaintiff with a wage notice or accurate paystubs in violation of NYLL § 195.

37. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances, if any, or his regular pay day.

38. Defendants also failed to provide Plaintiff with a paystub that accurately specified his hourly rate of pay, regular and overtime hours he worked, or other information required under NYLL § 195.

39. Defendants did not provide Plaintiff with his pay for Plaintiff's last week of work.

40. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

41. Defendants violated the FLSA and NYLL by failing to pay Plaintiff for each hour he worked and at the proper rate of time-and-a-half for his extensive overtime hours.

### CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23 (b) (3) FOR VIOLATIONS OF THE NYLL

42. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by the Defendants on or after the date that is six (6) years before the filing of the instant Complaint who did not receive a wage notice or proper paystubs pursuant to NYLL § 195.

43.     Upon information and belief, this class of persons consists of not less than forty (40) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a) (1).

44.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether Defendants provided the class members with a wage notice and paystubs that comport with the requirements of NYLL § 195.

45.     Plaintiff's claims are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

46.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

47.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b) (3).

48.     Plaintiff brings the seventh claim for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed. R. Civ. P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations under the NYLL and the state wage orders codified in 12 N.Y.C.R.R. §137-143.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations Against all Defendants)

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

51. At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff. Defendants have had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

52. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

53. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

54. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations Against all Defendants)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

57. New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

58. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly, and repeatedly have failed to pay Plaintiff at the required overtime rate, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

59. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated (double) damages as provided by the NYLL, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(NYLL Failure to Pay Straight Time Against all Defendants)**

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

62. At all relevant times hereto, pursuant to NYLL § 190 *et seq.* Defendants were obligated to pay Plaintiff an hourly rate for each hour he worked and not to divert or withhold any portion of his wages.

63. Defendants failed to pay Plaintiff his hourly rate for each hour he worked.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 663 and 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
**(Breach of Contract Against all Defendants)**

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants entered into an oral contract with Plaintiff to perform work as described above.

67. Plaintiff satisfactorily supplied labor in connection with, and in furtherance of, the work required under his oral employment contract with Defendants and in doing so, complied with the terms of his employment contract with Defendants and was, therefore, entitled to wages he rightfully earned while working for Defendants.

68. Defendants agreed to pay Plaintiff for the work that he performed.

69. Defendants refused to pay Plaintiff at the agreed upon rate for all hours worked.

70. That by virtue of the foregoing breach of contract by Defendants, Plaintiff has been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by his employment agreement with Defendants, less amounts actually paid to Plaintiff, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (Quantum Meruit Against all Defendants)

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. At all relevant times hereto, Plaintiff performed work and services for Defendants.

73. Plaintiff had a reasonable expectation of payment for the hours he worked for Defendants, but Defendants failed to remunerate Plaintiff for all the hours he worked.

74. Plaintiff is entitled to payment for the unpaid hours worked for Defendants at a rate that is considered the reasonable value of his services, together with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (Unjust Enrichment Against all Defendants)

75. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76. At all relevant times hereto, Plaintiff performed work and services for Defendants.

77. Plaintiff had a reasonable expectation of payment for the hours he worked for Defendants, but Defendants failed to remunerate Plaintiff for all the hours he worked.

78. Defendants were enriched at the expense of Plaintiff.

79. The foregoing circumstances are such that equity and good conscience require Defendants to make restitution, in the form of payment for the unpaid hours Plaintiff worked for Defendants at a rate that is considered the reasonable value of his services, together

with an award of interest, costs, disbursements, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Failure to Notify in Violation of the NYLL Against all Defendants)

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

82. Pursuant to § 195 (1) of the NYLL, within ten (10) business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

83. Pursuant to § 195 (3) of the NYLL, Defendants were obligated to provide Plaintiff with a paystub, along with his pay, that specified his rate of pay, his hours worked, and the pay period.

84. Defendants failed to provide Plaintiff with a notice or accurate paystub in accordance with § 195 of the NYLL.

85. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with § 195 of the NYLL for each week Defendants failed to provide such notice and accurate paystubs, along with attorneys' fees, costs, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (NYLL Failure to Pay Timely Wages Against all Defendants)

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

88. New York State labor law § 191 requires that an employee manual laborer be paid no less frequently than once a week.

89. Defendants unlawfully paid Plaintiff once every two (2) weeks.

90. Defendants willfully and intentionally made these untimely payments in violation of the NYLL and supporting Department of Labor Regulations.

91. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

[no further text on this page]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: August 5, 2015
      New York, New York

Respectfully submitted,

*[signature]*

Alan Serrins (AS 4739)
Corey M. Stein (CS 3863)
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*